**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4788**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JARVARIS ANTWAN ANDREWS,

                Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Senior District Judge.  (1:08-cr-00144-NCT-1)

Submitted:  May 20, 2010                Decided:  June 16, 2010

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, LLP,
Greensboro, North Carolina, for Appellant.  Terry Michael
Meinecke, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Jarvaris Antwan Andrews pled guilty to distribution of cocaine base (crack) and was sentenced to 131 months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court should have imposed a lower sentence because of the federal sentencing guidelines' disparate treatment of offenses involving crack and those involving powder cocaine. Andrews raises the same issue in his pro se brief. We affirm.

Our review of the transcript of the plea colloquy discloses full compliance with Fed. R. Crim. P. 11. Furthermore, the record reveals that Andrews entered his plea voluntarily and knowingly and that there was a factual basis for the plea. Finally, we have identified no meritorious appellate issues related to the conviction.

Turning to Andrews' sentence, his advisory Guidelines range was 262-327 months. The district court granted the United States' Motion for Reduction of Sentence based on Andrews' substantial assistance and sentenced Andrews to 131 months in prison. Andrews contends that the district court should have imposed an even lower sentence because of the crack/powder disparity. He effectively is challenging, in light of Spears v. United States, 129 S. Ct. 840 (2009), and Kimbrough v. United

States, 552 U.S. 85 (2007), the district court's application of the mandatory crack-to-powder cocaine ratio that is incorporated in the sentencing guidelines. Because he raises this issue for the first time on appeal, our review is for plain error. See Fed. R. Crim. P. 52(b); United State v. Jeffers, 570 F.3d 557, 569 (4th Cir.), cert. denied, 130 S. Ct. 645 (2009). To establish plain error, Andrews "must show that an error occurred, that the error was plain, and that it affected his substantial rights." See id.

Assuming without deciding that plain error occurred, Andrews cannot establish that the error affected his substantial rights. We previously "concluded that the error of sentencing a defendant under a mandatory guidelines regime is neither presumptively prejudicial nor structural" and that, to establish that a plain error affected his substantial rights, a defendant must demonstrate "actual prejudice" flowing from the error. United States v. White, 405 F.3d 208, 223 (4th Cir. 2005). To make this showing, the defendant must demonstrate that the error "affected the outcome of the district court proceedings." Id. In this regard, the crucial question is "whether the record as a whole provides [a] nonspeculative basis for concluding that [the sentencing error] affected the district court's selection of the sentence imposed." Id.

3

Here, the district court made no comment at sentencing concerning the crack/powder disparity. It would be only speculation to conclude that the disparity in any way impacted the court's selection of the 131-month sentence. Accordingly, there was no plain error. We further find that Andrews' sentence was procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007). In this regard, the district court properly calculated Andrews' advisory Guidelines range, applied the 18 U.S.C. § 3553(a) (2006) sentencing factors, and adequately explained the variant sentence. See id.

We accordingly affirm. In accordance with Anders, we have thoroughly reviewed the record for any meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

AFFIRMED